## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ALEXANDER,** | : | **No. 3:22-CV-1195** |
| **Plaintiff** | : | |
| | : | **Judge Mariani** |
| **v.** | : | |
| | : | |
| **B. MYERS, E. SPECK, D. WISER, S.** | : | **Electronically Filed Document** |
| **ELLENBERGER, K. KIFER, J.** | : | |
| **TAYLOR** *and* **C. GREENLEAF,** | : | *Complaint Filed 08/05/22* |
| **Defendants** | : | |

## <u>DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Defendants, through counsel, hereby file this Brief in Support of their Motion to Dismiss the Amended Complaint (Complaint) pursuant to Local Rule 7.5. The Complaint must be dismissed with prejudice because (1) it fails to state any claim upon which relief can be granted, (2) Plaintiff is not entitled to the declaratory, injunctive, and declaratory relief, and (3) all claims are barred by the two-year statute of limitations.

## TABLE OF CONTENTS

I.    STATEMENT OF ALLEGED FACTS & PROCEDURAL HISTORY ............1

II.   ISSUES PRESENTED...........................................................................5

III.  ARGUMENTS ....................................................................................7

    A.    There Are No Facts Alleged That Any Claim From His Prior Civil
Case Would Have Been Meritorious ...................................................7

    B.    Isolated Interferences With Mail Do Not Violate The First
Amendment .......................................................................................9

    C.    An Inmate's Phone Privileges Are Subject To Rational Limitations &
The Complaint Lacks Averments That Plaintiff Has Available,
Alternative Means Of Communicating With His Son & Daughter ...11

    D.    The Amended Complaint Lacks Sufficient Averments To State A
First Amendment Retaliation Claim...................................................13

    E.    Inmates Do Not Have An Expectation Of Privacy In Their Cells Or
Personal Property While Incarcerated ...............................................15

    F.    A Single Cell Search & Mere Placement In The Restricted Housing
Unit Do Not Violate The Eighth Amendment ..................................16

    G.    Defendants Are Entitled To Qualified Immunity On The Exposure to
OC Spray Claim................................................................................17

    H.    The Procedural Due Process Claims Fail Because Plaintiff's
Misconduct Was Upheld On Appeal, No Averments Regarding
Atypical & Significant Hardship Presented, & The Grievance
Procedure Is A Sufficient Post-Deprivation Remedy & The
Substantive Due Process Claims Are Barred By The More Specific
Provision Rule ..................................................................................19

I.      Claims Brought Pursuant To The Pennsylvania Code Claim Must Be
        Dismissed Because The Pennsylvania Code Does Not Create
        Individual Rights And Alleged Violations Of An Agency's Rules Or
        Policies Does Not Violate One's Constitutional Rights....................23

J.      Plaintiff Lacks Standing To Assert A Defamation Claim For His
        Daughter .......................................................................................24

K.      Defendants Are Entitled To Sovereign Immunity On Defamation
        Claims............................................................................................26

L.      Plaintiff's Claims Are Barred By The Two-Year Statute Of
        Limitations.....................................................................................27

M.      Declaratory Relief Is Not Available To Adjudicate Allegations Of
        Past Unlawful Acts ........................................................................28

N.      Injunctive Relief Is Not Available For Alleged Past Wrongs ...........29

O.      The PLRA Bars Any Request For Compensatory Damages.............30

P.      All Official Capacity Claims Are Barred By The Eleventh
        Amendment ...................................................................................31

IV.     CONCLUSION .......................................................................................31

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Allen v. Ripoll*,
   150 F. App'x 148 (3d. Cir. 2005) ............................................................................. 8

*Almahdi v. Ashcroft*,
   310 F. App'x 519 (3d Cir. 2009) ...................................................................... 11, 12

*Aruanno v. Johnson*,
   568 F. App'x 194 (3d Cir. 2014) ...................................................................... 11, 12

*Atwell v. Lavan*,
   557 F.Supp.2d 532 (M.D. Pa. Mar. 26, 2008) ......................................................... 23

*Banks v. Rozum*,
   2015 WL 1186224 (M.D. Pa. 2015) ....................................................................... 14

*Barrett v. C.O. Matters*,
   2015 WL 5881602 (M.D. Pa. Sept. 30, 2015) .......................................................... 9

*Betts v. New Castle Youth Dev. Ctr.*,
   621 F.3d 249 (3d Cir. 2010) ................................................................................. 23

*Boone v. Pa. Office of Vocational Rehab.*,
   373 F. Supp.2d 484 (M.D. Pa. 2005) ...................................................................... 27

*Bougher v. Univ. of Pittsburgh*,
   882 F.2d 74 (3d Cir. 1989) ................................................................................... 27

*Brautigam v. Fraley*,
   684 F. Supp.2d 589 (M.D. Pa. 2010) ...................................................................... 27

*Brumfield v. Sanders*,
   232 F.3d 376 (3d Cir. 2000) ................................................................................. 26

*Campbell Soup Co. v. ConAgra, Inc.*,
   977 F.2d 86 (3d Cir. 1992) ................................................................................... 29

*Castillo v. All Jane/John Does*,
  2016 WL 6089853 (M.D. Pa. Sept. 20, 2016) .................................................. 9, 10

*Christopher v. Harbury*,
  536 U.S. 403 (2002).......................................................................................... 8

*CMR D.N. Corp. v. City of Phila.*,
  703 F.3d 612 (3d Cir. 2013) ...........................................................................28, 29

*Commonwealth v. Turner*,
  80 A.3d 754 (Pa. 2013) ................................................................................... 19

*Douris v. Bucks Cty. Office of District Attorney*,
  2004 WL 1529169 (E.D. Pa. 2004) ...............................................................24, 25

*Edmonds v. Sobina*,
  2008 WL 312457 (W.D. Pa. Feb. 1, 2008) ........................................................ 21

*Fitzgerald v. Larson*,
  769 F.2d 160 (3d Cir. 1985) ............................................................................ 27

*Hannah v. City of Dover*,
  152 F. App'x 114 (3d. Cir. 2005) ..................................................................... 25

*Hudson v. Palmer*,
  468 U.S. 517 (1984)......................................................................................... 20

*Hudson v. Palmer*,
  486 U.S. 517 (1984).......................................................................................15, 20

*Huertas v. Sobina*,
  476 F. App'x 981 (2012).................................................................................. 14

*Iwanicki v. Pa. Dep't of*,
  582 F. App'x 75 (3d Cir. 2014)....................................................................... 9, 10

*Jacobs v. Beard*,
  172 F. App'x 452 (3d. Cir. 2006) ...................................................................... 8

iv

*Johnson v. Bledsoe*,
    2012 WL 258680 (M.D. Pa. Jan. 27, 2012) ....................................................11, 12

*Kelley v. Pittman*,
    150 A.3d 59 (Pa. Super. 2016) ............................................................................ 26

*Kokinda v. Pa. Dep't of*,
    2016 WL 7029385 (W.D. Pa. ).........................................................................16, 17

*Larsen v. State Employees' Ret. Sys.*,
    553 F. Supp.2d 403 (M.D. Pa. 2008).................................................................... 26

*Laurensau v. Pluck*,
    2013 WL 4779010 (W.D. Pa. Sept. 5, 2013) ....................................................... 13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...........................................................................................24, 25

*Martin v. Red Lion Police Dep't.*,
    146 F. App'x 558 (3d Cir. 2005).......................................................................27, 28

*Mayo v. Wetzel*,
    2015 WL 4643137 (M.D. Pa. 2015).................................................................19, 21

*Mitchell v. Horn*,
    318 F.3d 523 (3d Cir. 2003) ............................................................................13, 30

*Monroe v. Beard*,
    536 F.3d 198 (3d Cir. 2008) ................................................................................. 7

*Montanye v. Haymes*,
    427 U.S. 236 (1976)............................................................................................. 22

*Moody v. Daggett*,
    429 U.S. 78 (1976)...........................................................................................22, 23

*Nixon v. Wetzel*,
    2012 WL 2589887 (M.D. Pa. July 3, 2012).......................................................... 9

*Oliver v. Fauver*,
   118 F.3d 175 (3d Cir. 1997) ................................................................. 7

*Overton v. Bazzetta*,
   539 U.S. 126 (2003) ........................................................................... 11

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ........................................................................... 17

*Pelzer v. Superintendent Houtzdale SCI*,
   547 F. App'x 98 (3d Cir. 2013) .......................................................... 8

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ............................................................... 7

*Pickering v. Sacavage*,
   642 A.2d 555 (Pa. Cmwlth. 1994) ................................................... 26

*Rauser v. Horn*,
   241 F.3d 330 (3d Cir. 2001) ........................................................13, 14

*Sandin v. Conner*,
   515 U.S. 472 (1995) ........................................................................... 22

*SI Handling Sys., Inc. v. Heisley*,
   753 F.2d 1244 (3d Cir. 1985) ........................................................... 30

*Smith v. Mensinger*,
   293 F.3d 641 (3d Cir. 2002) ............................................................. 22

*Spady v. Bethlehem Area Sch. Dist.*,
   800 F.3d 633 (3d Cir. 2015) ........................................................17, 18

*Speight v. Sims*,
   283 F. App'x 880 (3d Cir. 2008) ...................................................... 19

*Stroman v. Wetzel*,
   2020 WL 1531325 (M.D. Pa. March 31, 2020) ............................... 18

*Sutton v. Rasheed*,
    323 F.3d 236 (3d Cir. 2003) .................................................................. 29

*Taylor v. Barkes*,
    575 U.S. 822 (2015) ............................................................................. 18

*Tillman v. Lebanon Cty. Corr. Facility*,
    221 F.3d 410 (3d Cir. 2000) .................................................................. 21

*United States v. Christie*,
    624 F.3d 558 (3d Cir. 2010) .................................................................. 24

*United States v. Fattah*,
    858 F.3d 801 (3d Cir. 2017) .................................................................. 24

*United States v. Stanishia*,
    687 F. App'x 183 (3d Cir. 2017) ...............................................15, 16, 20

*Wenzig v. Serv. Emps. Int'l Union Loc. 668*,
    426 F. Supp. 3d 88 (M.D. Pa. 2019) ..................................................... 29

*Will v. Michigan Dep't of State Police*,
    491 U.S. 58 (1989) ............................................................................... 31

*Williams v. Armstrong*,
    566 F. App'x 106 (3d Cir. 2014) ....................................................16, 17

*Williams v. BASF Catalysts, LLC*,
    765 F.3d 306 (3d Cir. 2014) .................................................................. 24

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ............................................................................. 28

*Wolfe v. McDonnell*,
    418 U.S. 539 (1974) ............................................................................. 21

## U.S. Constitution

U.S. Const. art. III. ........................................................................ 24

U.S. Const. amend. IV ................................................................... 15

U.S. Const. amend. VIII ................................................................ 16

U.S. Const. amend. XIV ................................................................ 19

U.S. Const., Amend. XI ................................................................. 31

## Statutes

42 Pa. C.S. § 8343(a) ................................................................... 26

42 Pa. C.S. § 8522(b) .................................................................26, 27

42 U.S.C. § 1983 .........................................................................27, 31

42 U.S.C. § 1997e(e) ..................................................................... 30

## Rules

Fed. R. Civ. P. 12(b)(6) ................................................................... 7

Fed. R. Evid. 201 ............................................................................ 8

## I.    STATEMENT OF ALLEGED FACTS & PROCEDURAL HISTORY

Plaintiff, a *pro se* incarcerated individual, asserts a litany of factual claims against several different Department of Corrections' personnel. (*See gen.* Doc. 17.) In so doing, the crux of Plaintiff's claims are brought pursuant to the First, Fourth, Eighth, and Fourteenth Amendments and state law agency regulation and defamation claims. (*See gen. id.*)

### *In Forma Pauperis* (IFP) Documents

Plaintiff essentially alleges that Defendants Myers, Speck, Greenleaf, and Kifer allegedly violated his First Amendment access to the courts rights where they allegedly interfered with his *in forma pauperis* documents in a different civil case, Civ. No. 3:19-CV-0047. (*Id.* ¶¶14-23, 127.) Plaintiff claims his other civil case was dismissed on August 15, 2019, due to his failure to file his *in forma pauperis* documents. (*Id.* ¶26.) Plaintiff also claims these alleged actions constituted retaliation under the First Amendment. (*Id.* ¶127.)

### Oleoresin Capsicum (OC) Spray Exposure

Plaintiff claims that he was exposed to OC spray on February 2, 2020, February 10, 2020, and February 11, 2020 when unnamed correctional officers allegedly deployed said spray against other inmates within the restricted housing unit. (*Id.* ¶54-57.) Plaintiff claims that Defendants Wiser, Myers, and Speck directed or authorized the use of OC spray against those other unidentified inmates. (*Id.* ¶57.)

**June 24, 2020 Cell Search**

Plaintiff claims Defendants Wiser, Greenleaf, and Taylor searched his cell and personal property and thereafter left his property in disarray. (*Id.* ¶¶66-67.) Plaintiff claims legal documents, research, witness affidavits, photos, papers, address and phone book, and old letters were confiscated and he was given a confiscated items receipt number B924054. (*Id.* ¶¶68-76.) Plaintiff filed an inmate grievance about the search and property confiscation. (*Id.* ¶74.)

**Inmate Misconduct Number**

Plaintiff claims Defendant Myers filed inmate misconduct number D450789 on or about July 2, 2020. (*Id.* ¶79-81.) Plaintiff claims that this inmate misconduct was falsified. (*See id.*) This misconduct allegedly originated from materials seized during the June 24, 2020 cell and property search. (*Id.* ¶¶66-81.)

**Disciplinary Hearing for Inmate Misconduct Number**

Plaintiff claims Defendant Ellenberger served as the hearing examiner for the disciplinary hearing for inmate misconduct number D450789. (*Id.* ¶¶82.) Plaintiff claims Ellenberger refused to call witnesses or review evidence propounded by Plaintiff and found him guilty of all misconduct charges. (*Id.* ¶¶79-87.) Plaintiff appealed Ellenberger's finding of guilty to all three levels of appeals. (*Id.* ¶91.) Each level of appeal was denied and the hearing examiner's determination was upheld at

every stage. (*See id.*) Plaintiff claims these alleged events denied him of his due process rights. (*Id.* ¶¶88, 119.)

### Restriction of Phone Calls to Son and Daughter

Plaintiff alleges that he was restricted from calling his son and daughter and that he sent a request to staff member to Defendant Myers about this alleged improper restriction. (*Id.* ¶93.) Plaintiff claims that Defendants Myers, Speck, and Wiser approved these phone restrictions. (*Id.* ¶94.)

### Alleged Defamation of Daughter

Plaintiff essentially claims that Defendants defamed his daughter because she had no involvement with his alleged drug trafficking into a state correctional facility. (*Id.* ¶¶106, 136.)

### Program Transfer to DEMO Unit Program

Plaintiff essentially claims that Defendants Myers and Speck relied on inmate misconduct number D450789 to support their request to have Plaintiff transferred to a different housing and security classification within the DEMO Unit Program in retaliation because of prior inmate grievances and civil suits he had filed. (*Id.* ¶¶108-110.) The DEMO Unit program allegedly confines inmates to segregated housing with limited privileges for at least one year. (*Id.* ¶111.)

## Civil Complaint

After Defendants filed a Motion to Dismiss the initial Complaint, Plaintiff filed his Amended Complaint on December 1, 2022. (Doc. 17.) In so doing, Plaintiff alleges several unrelated claims against various individuals including:

(1) Defendants Myers, Speck, Greenleaf, and Kifer allegedly violated his First and Fourteenth Amendment rights when they allegedly retaliated against Plaintiff and interfered with his access to the courts by interfering with his *in forma pauperis* documents in a civil case in which they were not Defendants, (*Id.* ¶127, Count I);

(2) Defendants Myers, Speck, Wiser, Greenleaf, and Kifer allegedly violated Plaintiff's Fourth and Fourteenth Amendment rights when they searched Plaintiff's cell and paper materials, (*Id.* ¶130, Count II);

(3) Defendants Myers, Speck, Wiser, Greenleaf, and Kifer allegedly violated Plaintiff's Eighth and Fourteenth Amendment rights by searching his cell, placing him in the restricted housing unit, and exposing Plaintiff to OC spray when the spray was deployed against other inmates, (*id.*);

(4) Defendants Myers, Speck, Wiser, Greenleaf, and Kifer allegedly retaliated against Plaintiff for his prior grievances and litigation by searching his cell, placing him in the restricted housing unit, and exposing Plaintiff to OC spray when the spray was deployed against others, (*id.*);

(5) Defendants Myers, Speck, Wiser, Greenleaf, and Kifer allegedly violated Plaintiff's Eighth Amendment rights by placing him into the Restricted Housing Unit and by exposing him to OC spray deployed against other inmates, (*id.*);

(6) Defendants Myers, Speck, Wiser, Greenleaf, and Kifer allegedly violated his First (retaliation and right to association with children), Eighth, and Fourteenth (due

process) Amendment when they searched his cell, seized his property (letters), restricted phone calls to children, and allegedly manipulated the misconduct and disciplinary hearing process, (*id.* ¶133, Count III);

(7) Defendants Myers, Speck, Wiser, Ellenberger, Greenleaf, and Taylor allegedly violated Section 93.10 of the Pennsylvania Code when Ellenberger allegedly held a biased disciplinary hearing wherein he refused to permit witnesses or evidence, (*id.* ¶136, Count IV);

(8) Defendants Myers, Speck, Wiser, Ellenberger, Greenleaf, and Taylor allegedly defamed Plaintiff's daughter Siani Alexander, (*id.*); and

(9) Defendants Myers and Speck allegedly violated his First (retaliation) and Fourteenth Amendment (procedural and substantive due process) rights by requesting or recommending that Plaintiff be placed in the DEMO Unit program, (*id.* ¶139, Count V).

Defendants filed their Motion to Dismiss the Amended Complaint on May 16, 2023. (Doc. 21.)

## II.  ISSUES PRESENTED

A.    Whether the access to the courts claim should be dismissed because there are no facts alleged that any claim would have been meritorious?

B.    Whether the interference with mail claim must be dismissed because isolated interferences with mail do not violate the First Amendment?

C.    Whether the freedom of association claim must be dismissed because the Amended Complaint lacks sufficient facts to allege that Plaintiff was allegedly denied the opportunity to associate with others?

D.    Whether there are insufficient averments pled to state a First Amendment retaliation claim?

E.      Whether the Fourth Amendment claim fails because inmate Plaintiff has no reasonable expectation of privacy in his cell and personal property while incarcerated?

F.      Whether a single, isolated cell search and placement within the restricted housing unit do not violate the Eighth Amendment?

G.      Whether the exposure to OC spray claim fails because Defendants are entitled to qualified immunity on this claim?

H.      Whether the Fourteenth Amendment claims must be dismissed because Plaintiff's misconduct was upheld on appeal, there are no allegations implicating any atypical and significant hardship, the inmate grievance procedure is an adequate post-deprivation remedy, and the substantive due process claims are barred by the more specific provision rule?

I.      Whether alleged violations of agency regulations do not result in a constitutional violation, do not create a private right of action, and Section 1983 is not a proper procedural vehicle for this claim?

J.      Whether Plaintiff lacks standing to assert a defamation claim on behalf of his daughter?

K.      Whether Defendants are entitled to sovereign immunity on all state torts asserted?

L.      Whether all of Plaintiff's claims are barred by the applicable two-year statute of limitations?

M.      Whether Plaintiff is not entitled to declaratory relief because declaratory relief is not available to adjudicate allegations of past unlawful acts?

N.      Whether Plaintiff is not entitled to injunctive relief because injunctive relief is not available for alleged past wrongs?

O.      Whether the PLRA bars any request for compensatory damages because Plaintiff did not allegedly suffer a physical injury?

P.      Whether all official capacity claims must be dismissed because they are barred by the Eleventh Amendment?

*Suggested Answer to All:* Yes.

## III.  **ARGUMENTS**

### STANDARD OF REVIEW

A claim will be dismissed where the plaintiff has "failed to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231-33 (3d Cir. 2008) (quotation omitted).

Defendants have liberally construed this *pro se* Complaint, as they must at this stage, and believe they have addressed all claims asserted within the Complaint. To the extent that this Court construes the Complaint as asserting any other claim, Defendants respectfully request the opportunity to provide supplemental briefing on any such issue.

### A.  **There Are No Facts Alleged That Any Claim From His Prior Civil Case Would Have Been Meritorious**

In order to bring a successful claim for a violation of the right to access the courts under the First Amendment, an inmate plaintiff must allege "actual injury, such as the loss or rejection of a legal claim," *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997), and facts showing that this lost or rejected claim was non-frivolous or arguable. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). The plaintiff must describe the underlying claim well enough to show that it is based on "more than

hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *see also Pelzer v. Superintendent Houtzdale SCI*, 547 F. App'x 98 (3d Cir. 2013); *Allen v. Ripoll*, 150 F. App'x 148, 150 (3d. Cir. 2005) ("The underlying lost or rejected legal claim must be specifically identified and meritorious."); *Jacobs v. Beard*, 172 F. App'x 452, 456 (3d. Cir. 2006) (same). This is because the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Here, Plaintiff essentially alleges that his prior civil case, Civ. No. 3:19-cv-0947, was dismissed for failure to supply the requisite IFP documents by a certain date. (Doc. 17 at ¶14-23, 26.) Plaintiff's claims related to the dismissal of this case relate entirely to an alleged interference with documents; however, Plaintiff does not provide a single averment indicating how any claim within that litigation would have been allegedly meritorious—a requisite element to an access to the courts claim. (*See gen. id.*) The access to the courts claim must, therefore, be dismissed.

Amendment to this claim would be futile. This Court can take judicial notice of its own public dockets. *See* Fed. R. Evid. 201. The public docket for Plaintiff's prior civil case indicates that his case was dismissed ***without*** prejudice.[1] A review of Plaintiff's Exhibit B indicates that his request to reopen the case was denied due to

---

[1]    Defendants previously provided a copy of the docket sheet for the Court's and the reader's convenience. (Doc. 11-1, Ex. 1, Document 11, Docket Sheet, Alexander v. Cumberland Cty. Pa., Civ. No. 3:19-cv-0947 (M.D. Pa.) (Mariani, J.).)

his failure to try to reopen the case, and, instead, waited approximately three years to again file the IFP documents. (Doc. 17 at ECF pg. 33.) The last averments in the Complaint allegedly occurred in 2020—two whole years before Plaintiff attempted to reopen this other civil case in March 2022. Plaintiff, therefore, cannot establish any harm even if he were to add averments concerning what the underlying claims were within this litigation. The access to the courts claim, therefore, fails as a matter of law and must be dismissed with prejudice.

### B.    Isolated Interferences With Mail Do Not Violate The First Amendment

"[A] single, isolated interference with mail is usually insufficient to constitute a First Amendment violation[.]" *See e.g., Iwanicki v. Pa. Dep't of Corrs.*, 582 F. App'x 75, 79 (3d Cir. 2014); *see also Barrett v. C.O. Matters*, 2015 WL 5881602, at *2 (M.D. Pa. Sept. 30, 2015) (Kane, J.) (quoting *Iwanicki*, & *Nixon v. Wetzel*, 2012 WL 2589887, at *3 (M.D. Pa. July 3, 2012) ("[A] single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation.")). "[P]rison officials are not liable under § 1983 for mere negligence in the handling of outgoing prisoner mail." *Castillo v. All Jane/John Does*, 2016 WL 6089853, at *5 (M.D. Pa. Sept. 20, 2016) (Mehalchick, J.) (citation omitted), *Report & Rec. adopted*, 2016 WL 6090729 (Oct. 17, 2016) (Caputo, J.).

Here, Plaintiff essentially alleges that Defendants Myers, Speck, Greenleaf, and Kifer unlawfully interfered with his outgoing mail containing *in forma pauperis*

documents on, at most, three separate and isolated occasions. (Doc. 17 at ¶¶14-23.) Plaintiff offers only legal conclusions that these Defendants interfered with his mail. (*See id.*)  In all actuality, Plaintiff pleads that Kifer told him he needed an envelope (¶19), that he could not find the documents in the office (¶24), and that the inmate account office would mail the items (¶29). Plaintiff provides no averments beyond his own self-serving speculative legal conclusions that any of the Defendants actually interfered with his mail. Such averments are insufficient to state a claim.

Additionally, at best, Plaintiff claims Defendants interfered with his mail on, at most, three isolated and separate occasions—on July 10, 2019 Kifer told him he needed an envelope, on July 29, 2019 Kifer could not find the documents, and on October 3, 2019 Kifer told him a third-party office had the documents and would mail them. (Doc. 17 at ¶¶16, 21, 26.) These isolated mail interferences are insufficient to support a First Amendment claim. *See Iwanicki*, 582 F. App'x at 79.

First, these averments only implicate Kifer—not any of the other Defendants. Second, even when read liberally, at best, being not able to find the documents amount to only negligence with handling of mail—which does not state a First Amendment claim. *See Castillo*, 2016 WL 6089853, at *5. The other two instances plead merely show Kifer attempting to help Plaintiff by telling him he needed an envelope and by communicating that another office, who is not a party to this case, would mail the documents to his knowledge.   These are insufficient to establish an

interference with mail claim. The Complaint, therefore, fails to state a mail interference claim; this claim must, therefore, be dismissed with prejudice.

### C.    An Inmate's Phone Privileges Are Subject To Rational Limitations & The Complaint Lacks Averments That Plaintiff Has Available, Alternative Means Of Communicating With His Son & Daughter

Generally, inmates have a First Amendment right to communicate with their family members and friends who are not incarcerated. *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003). Inmates, however, "ha[ve] no right to unlimited telephone use and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (internal quotations and citations omitted). "[A] prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. *Id.*

This Court has held that "where an inmate has available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal. *Johnson v. Bledsoe*, 2012 WL 258680, at *2 (M.D. Pa. Jan. 27, 2012).

Moreover, mere conclusory allegations that an inmate lacks phone access to call their friends and family fails to state a First Amendment claim upon which relief may be granted. *See Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014); *see also Almahdi*, 310 F. App'x at 522.

In this case, Plaintiff claims that Defendants violated his First Amendment right of association with his family members, his son and daughter, when his son and daughter were removed from his telephone call list. (Doc. 17 at 68, 79, 93-95.) Plaintiff is wrong.

First, the Amended Complaint advances only legal conclusions that he lacks access to call his son and daughter and altogether lacks sufficient allegations to illustrate that Plaintiff has no other method or manner to communicate with his children, *i.e.*, mail, electronic GTL messages, or visits. (*See id.*) As conclusory statements are insufficient to state a First Amendment claim, this claim must be dismissed. *See Aruanno*, 568 F. App'x at 195; *see also Almahdi*, 310 F. App'x at 522.

Moreover, as Plaintiff continues to have the ability to utilize the mail—as evidenced by the filing of documents in this litigation—the inference taken from the Complaint is that he has the ability to mail communications to his son and daughter. Because he has other available, alternative means of communicating with his daughter and son, *i.e.*, mail privileges, this claim should be dismissed. *See Johnson v*, 2012 WL 258680, at *2.

Additionally, the Amended Complaint advances sufficient factual averments to illustrate that Plaintiff's phone privileges with his son and daughter were restricted only after inmate misconducts were filed against him accusing him of conspiring with his daughter to smuggle illegal drugs and contraband into the prison. (Doc. 17 at 68,

79.)  The fact that Plaintiff disagrees with these charges is irrelevant—the prison officials are afforded a great deal of deference with safety and security interests of the institution and preventing the introduction of illegal drugs and contraband within a state correctional facility is certainly a legitimate penological purpose to restrict one's phone privileges.  It is because of these averments as to why this claim should be dismissed with prejudice as amendment would not be able to overcome this fatality.

**D.**    **The Amended Complaint Lacks Sufficient Averments To State A First Amendment Retaliation Claim**

To establish a claim for retaliation, an inmate must demonstrate:  (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by a prison official; and (3) that there is a causal connection between the exercise of his constitutional rights and the adverse action.  *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001).  If a plaintiff is able to meet his *prima facie* case, the burden then shifts to the defendants to prove by a preponderance of the evidence that they would have made the same decision absent the protected conduct for reasons reasonably related to penological interest. *Id.* at 334.

Because retaliation claims can be easily fabricated, courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. *Laurensau v. Pluck*, 2013 WL 4779010, at *11 (W.D. Pa. Sept. 5, 2013).  Moreover, courts "should afford deference to

13

decision made by prison officials, who possess the necessary expertise." *Rauser*, 241 F.3d at 334.

The Third Circuit has explicitly held that interfering with an inmate's mail "was not sufficiently adverse to deter a person of ordinary firmness from pursuing grievances." *Huertas v. Sobina*, 476 F. App'x 981, 984 (2012). "Simply put, more serious conduct is required to make out a retaliation claim under [Section] 1983." *Id.*

Here, Plaintiff claims that Defendants retaliated against him for filing a 2019 civil suit and grievances in a variety of ways including, and allegedly, (1) interfering with his mail including his IFP application documents for a 2019 civil case, (Doc. 17 at ¶113, Count I), (2) searching his cell on June 24, 2020, placing him in the RHU on January 30, 2020, and exposing Plaintiff to OC spray in the RHU in February 2020, (*id.* ¶116, Count II), (3) denying him phone privileges to call his daughter on July 24, 2020, (*id.* ¶119, Count III), and (4) by recommending that Plaintiff be put in the DEMO unit at an unidentified time in 2020, (*id.* ¶125, Count V).

Interference with mail and a cell search are not an adverse action for a retaliation claim. *See Huertas*, 476 F. App'x at 984 (interfering with mail is not an adverse action); *see also Banks v. Rozum*, 2015 WL 1186224, *7 (M.D. Pa. 2015) ("[T]he search of a cell is not a sufficient adverse action . . . "), *aff'd*, 639 F. App'x 778, 781-82 (3d Cir. 2016).

Otherwise, with respect to his other retaliation claims regarding his placement in the RHU, phone privilege restrictions, exposure to OC spray, and recommending that he be placed in the DEMO unit, Plaintiff fails to plead specific facts to demonstrate the causation between his protected conduct of a 2019 civil case and filing of grievances with respect to these specific claims that span over approximately a year and a half. Nor has Plaintiff pled sufficient facts to illustrate that Defendants would have allegedly held any retaliatory motive for protected conduct for which they were not named. This failure to plead sufficient facts, as legal conclusions are not enough, to establish causation, a necessary element, results in the failure to state a retaliation claim.

### E.     Inmates Do Not Have An Expectation Of Privacy In Their Cells Or Personal Property While Incarcerated

The Fourth Amendment protects against unlawful searches and seizures. *See* U.S. Const. amend. IV. "A convicted prisoner does not have a legitimate expectation of privacy in his cell and accordingly 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" *United States v. Stanishia*, 687 F. App'x 183, 185 (3d Cir. 2017) (quoting *Hudson v. Palmer*, 486 U.S. 517, 526 (1984)).

Here, Plaintiff essentially alleges Defendants Myers, Speck, Wiser, Greenleaf, and Kifer violated his Fourth Amendment rights when they searched his cell and property within his cell. (Doc. 17 at ¶66-67.) Such claim fails and no amendment can

change this fact. The Supreme Court and the Third Circuit have plainly held that an incarcerated, convicted inmate has no expectation of privacy within their cell. *See Stanishia*, 687 F. App'x at 185. Therefore, Plaintiff's Complaint fails to state any Fourth, and corresponding Fourteenth, Amendment claim. This claim, therefore, must be dismissed with prejudice.

### F.   A Single Cell Search & Mere Placement In The Restricted Housing Unit Do Not Violate The Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" upon incarcerated individuals. *See* U.S. Const. amend. VIII.

Although a cell search, when conducted to amount to "calculated harassment unrelated to prison needs[,]" may violate the Eighth Amendment, "a single cell search is generally insufficient to constitute an Eighth Amendment violation." *Kokinda v. Pa. Dep't of Corrs.*, 2016 WL 7029385, at *7 (W.D. Pa. ) (citing collection of cases citing same).

Additionally, mere placement within a restricted housing unit does not violate an inmate's rights under the Eighth Amendment where he is provided with the minimal civilized measure of life's necessities. *See Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014) (no Eighth Amendment violation where inmate housed in restricted housing for 112 days and was not denied any of life's necessities).

Here, Plaintiff essentially claims that Defendants Myers, Speck, Wiser, Greenleaf, and Kifer violated his Eighth Amendment rights when they searched his cell and placed him in the restricted housing unit. (Doc. 17 at ¶54-57.) Both claims fail as a matter of law and must be dismissed with prejudice because any attempt at amendment would be futile.  *See Kokinda*, 2016 WL 7029385, at *7; *see Williams*, 566 F. App'x at 109.

## G.    Defendants Are Entitled To Qualified Immunity On The Exposure to OC Spray Claim

Defendants are entitled to qualified immunity because it is not clearly established that the secondhand exposure to OC spray, in response to another inmate's actions on the housing block, would violate an individual's rights.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *see Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637 (3d Cir. 2015) (stating that, in a qualified immunity analysis, Courts must engage in a two-prong analysis of "whether the facts that a plaintiff has shown make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of the defendant's misconduct").

"Whether an asserted federal right was clearly established at a particular time, so that a public official who allegedly violated the right has no qualified immunity

17

from suit, presents a question of law." *Spady*, 800 F.3d at 637. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). And while "a case directly on point" is not required to demonstrate a clearly established right, "existing precedent must have placed the statutory or constitutional question **beyond debate**." *Id*. (emphasis added). In other words, "[i]n order for a right to be clearly established there must be applicable precedent from the Supreme Court, or a **robust consensus of cases** of persuasive authority in the Court of Appeals." *Spady*, 800 F.3d at 639 (cleaned up) (emphasis added).

Here, Plaintiff essentially claims that Defendants violated his Eighth Amendment rights when they caused him to be housed within the RHU and, at some future point in time not known at the time, to be allegedly exposed to secondhand OC spray on separate occasions, not for a general Eighth Amendment claim. After reasonable search, Defendants are unable to locate a case suggesting that secondhand exposure OC spray alone violated an individual's Eighth Amendment rights.

On the contrary, this Court recently held the opposite. *See Stroman v. Wetzel*, Case No. 1:16-CV-2543, 2020 WL 1531325, at *6 (M.D. Pa. March 31, 2020) (Conner, J.) (entitled to qualified immunity because defendants could not have recognized that their use of OC spray in response to another inmate's actions would violate a clearly established statutory or constitutional right).

Because there is no robust consensus of case law that clearly establishes that exposure to secondhand OC spray alone violates an individual's Eighth Amendment rights, Defendants are entitled to qualified immunity on all secondhand exposure to OC spray claims asserted against them.

### H. The Procedural Due Process Claims Fail Because Plaintiff's Misconduct Was Upheld On Appeal, No Averments Regarding Atypical & Significant Hardship Presented, & The Grievance Procedure Is A Sufficient Post-Deprivation Remedy & The Substantive Due Process Claims Are Barred By The More Specific Provision Rule

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

### i. Procedural Due Process

In order to bring a Procedural Due Process claim, a plaintiff must establish: (1) that the state interfered with a life, liberty, or property interest; and (2) the procedural procedures were insufficient to protect his constitutional rights. *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Inmates have no liberty interest in a prison grievance procedure. *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008). Mere dissatisfaction with the outcome of one's prison grievance does not result in a constitutional claim. *Mayo v. Wetzel*, 2015 WL 4643137, at *11 (M.D. Pa. 2015).

Here, Plaintiff essentially alleges Defendants violated his procedural due process rights when they allegedly (1) searched his cell, (2) confiscated his property, (3) held a disciplinary hearing for an inmate misconduct, and (4) recommended for his placement in the DEMO Unit program. (Doc. 17 at ¶¶ 127-39.) All of which fail as a matter of law.

### Alleged Cell Search

"A convicted prisoner does not have a legitimate expectation of privacy in his cell and accordingly 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" *Stanishia*, 687 F. App'x at 185 (quoting *Hudson*, 486 U.S. at 526).

Plaintiff essentially alleges that Defendants violated his procedural due process by searching his cell. (Doc. 17 at ¶¶66-67.) However, as Plaintiff has no expectation of privacy in his cell and he had access to the inmate grievance procedure after the search (¶74), a post-deprivation remedy, this claim fails as a matter of law and cannot be cured by any amendment. This claim, therefore, must be dismissed with prejudice.

### Alleged Confiscation of Property

Negligent or intentional deprivations of property by a state employee do not give rise to a constitutional claim if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A prison's grievance program

constitutes a sufficient post-deprivation remedy. *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).

Here, Plaintiff claims Defendants deprived him of his personal property following the cell search. (Doc. 17 at ¶¶68-76.) Plaintiff also claimed, however, that he filed inmate grievances concerning these issues, received responses to those grievances, and he filed internal appeals processes for his filed grievances regarding these events. (*Id.*)

The Department's grievance procedure is a well-established adequate post-deprivation remedy. *Tillman*, 221 F.3d at 422. Plaintiff's disagreement with those inmate grievances, however, does not result in a constitutional claim. *Mayo*, 2015 WL 4643137, at *11. Plaintiff filed inmate grievances Plaintiff, therefore, received adequate post-deprivation remedies; as such, these claims must be dismissed.

## Inmate Misconduct

"[P]rison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolfe v. McDonnell*, 418 U.S. 539, 556 (1974). "[D]ue process requires only that there 'be some evidence' supporting a disciplinary decision . . . and it is the hearing examiner's providence, and not this court's, to gauge the credibility of evidence and witnesses at a misconduct hearing." *Edmonds v. Sobina*, 2008 WL 312457, at *4 (W.D. Pa. Feb. 1, 2008) (quotation omitted).

Accordingly, in order to invoke the protections of the Due Process Clause, a disciplinary proceeding must result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). "[S]egregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. Moreover, restrictive confinement for periods of up to seven months is not "atypical and a significant hardship" in relation to the ordinary incidents of prison life. *See Smith v. Mensinger*, 293 F.3d 641, 652 (3d Cir. 2002) (seven months disciplinary detention is not atypical of prison life).

Here, Plaintiff essentially alleges that his procedural due process rights were violated when Defendant Ellenberger allegedly denied him witness testimony, the opportunity to present evidence challenging the inmate misconduct, and was biased when overseeing the disciplinary hearing for the inmate misconduct. (Doc. 17 at ¶79-87.) Plaintiff has not alleged a single averment illustrating that he was subjected to any atypical and significant hardship because of the alleged events at the disciplinary hearing. (*See gen. id.*) Therefore, this claim must be dismissed with prejudice.

## Alleged Recommendation For Admittance To DEMO Unit Program

Inmates have no constitutional right to any particular custody or security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

22

Plaintiff essentially alleges Defendants violated his procedural due process by allegedly recommending that he be placed within the DEMO Unit program. (Doc. 17 at ¶108-110.) As Plaintiff has no protected constitutional right to any given security custody or to a particular placement or housing assignment within the Department of Corrections or within a state correctional facility, this claim fails as a matter of law and cannot be remedied by any amendment. *Moody*, 429 U.S. at 88. As such, this claim must be dismissed with prejudice.   Plaintiff's procedural due process, claims, therefore must be dismissed with prejudice.

ii.    *Substantive Due Process*

It is well-established that Fourteenth Amendment substantive due process claims are unavailable where the claim is better analyzed under the more specific constitutional amendment applicable to the facts alleged.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010).

Here, Plaintiff asserts a substantive due process claim against Defendants; such claim is barred by the More Specific Provision rule. *See id.* Any substantive due process claim must be dismissed with prejudice.

I.    **Claims Brought Pursuant To The Pennsylvania Code Claim Must Be Dismissed Because The Pennsylvania Code Does Not Create Individual Rights And Alleged Violations Of An Agency's Rules Or Policies Does Not Violate One's Constitutional Rights**

It is well-established that Department policies do not create private rights. *See Atwell v. Lavan*, 557 F.Supp.2d 532, 556 n.24 (M.D. Pa. Mar. 26, 2008) (citing

cases). Furthermore, a violation of an agency policy does not constitute as a constitutional violation. *See also United States v. Fattah*, 858 F.3d 801, 813-14 (3d Cir. 2017) (citing *United States v. Christie*, 624 F.3d 558, 573 (3d Cir. 2010) (a "violation of internal policy alone does not amount to a violation of constitutional due process" because government policies and guidelines "do not themselves create rights").

Any such claim that the alleged violation of internal Department policies (Doc. 1 at ¶122, Count IV) or procedures by Defendants resulted in a violation of Plaintiff's constitutional rights fails because a violation of internal agency policies, Pa. Code § 93.10, does not constitute as a constitutional violation. *See id.*

### J.    Plaintiff Lacks Standing To Assert A Defamation Claim For His Daughter

To have standing to sue under Article III of the United States Constitution, a plaintiff must identify (1) a cognizable injury that is (2) causally connected to the alleged conduct and is (3) capable of being redressed by a favorable judicial decision." *Williams v. BASF Catalysts, LLC*, 765 F.3d 306, 327 (3d Cir. 2014). It is axiomatic that a plaintiff who has alleged no injury to himself does not have standing to sue. "For there to be standing, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Douris v. Bucks Cty. Office of District Attorney*, 2004 WL 1529169, at \*5 (E.D. Pa. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An "injury in fact" must be

actual or imminent, not conjectural or hypothetical. *Id.* (quoting *Lujan*, 504 U.S. at 560).

Moreover, the Third Circuit has expressly held that a parent could not bring forth claims for injuries resulting from the alleged violations of their child's constitutional rights because said alleged injuries are not sufficiently personal to establish the parent's standing. *See Hannah v. City of Dover*, 152 F. App'x 114, 116-17 (3d. Cir. 2005).

Here, Plaintiff seems to assert a defamation claim on behalf of his daughter, Siani Alexander. (Doc. 17 at ¶136.) Plaintiff failed to plead sufficient facts to establish an injury that is inherently personal to him. As such, Plaintiff lacks the necessary standing to assert this defamation claim on behalf of his daughter. This claim must be dismissed with prejudice.

Assuming, *arguendo* for purposes of the next argument only, that Plaintiff has the requisite standing to assert a defamation claim on behalf of his daughter, such claim fails as a matter of law because Defendants are entitled to sovereign immunity.

**K.    Defendants Are Entitled To Sovereign Immunity On Defamation Claims**

Here, Plaintiff essentially alleges that Defendants are liable under the state tort of defamation[2]. (*See id.*) Such claims are barred by sovereign immunity and fail as a matter of law.

Commonwealth employees enjoy broad sovereign immunity protection from liability for state law claims, including intentional torts. 42 Pa. C.S. § 8522(b) (state sovereign immunity waived in only ten instances);[3] *Pickering v. Sacavage*, 642 A.2d 555 (Pa. Cmwlth. 1994), *appeal denied*, 652 A.2d 841 (Pa. 1994).

Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are acting within the scope of their [employment]."[4] *Larsen v. State Employees' Ret. Sys.*, 553 F. Supp.2d 403, 420 (M.D. Pa. 2008). The "willfulness" of a defendant's conduct is immaterial.

---

[2]    Here, Plaintiff has not pled sufficient averments to illustrate the requisite elements of a defamation claim; as such this claim must be dismissed. *Kelley v. Pittman*, 150 A.3d 59, 67 (Pa. Super. 2016) (quotation omitted); *see also* 42 Pa. C.S. § 8343(a).

[3]    Sovereign immunity waived in: vehicle liability; medical-professional liability; care, custody and control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody and control of animals; liquor store sales; National Guard activities; toxoids and vaccines, and sexual abuse. 42 Pa. C.S. § 8522(b). None of these exceptions are applicable in this case.

[4]    "[C]onduct is within the scope of employment . . . if: (a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master . . . ." *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000).

*Brautigam v. Fraley*, 684 F. Supp.2d 589, 594 (M.D. Pa. 2010). Moreover, courts have held that defamation claims do not meet any of the exceptions enumerated under 42 Pa. C.S. § 8522(b). *See Boone v. Pa. Office of Vocational Rehab.*, 373 F. Supp.2d 484, 495 (M.D. Pa. 2005) ("defamation claims . . . do not fall within any of the nine exceptions [under 42 Pa. C.S. § 8522(b)] and are therefore barred by sovereign immunity").

Here, Plaintiff acknowledges that the individual Defendants' actions were taken during their employment with the Department as their alleged actions, or inactions, would have occurred within their job duties as Department personnel at SCI Smithfield because they were acting within their duties to either investigate and prevent the entry of controlled substances into the facility by searching an inmate's cell, holding a misconduct hearing, or recommending programs for an inmate. (*See* Doc. 17.) As such, Defendants are entitled to sovereign immunity on all state law defamation claims asserted against them.

## L.    Plaintiff's Claims Are Barred By The Two-Year Statute Of Limitations

Plaintiff brings his claim exclusively pursuant to 42 U.S.C. § 1983. (*See gen.* Doc. 1.) All claims asserted within the operative complaint, therefore, are subject to the two-year statute of limitations. *See Martin v. Red Lion Police Dep't.*, 146 F. App'x 558, 561 (3d Cir. 2005); *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 78–79 (3d Cir. 1989); *Fitzgerald v. Larson,* 769 F.2d 160, 162 (3d Cir. 1985). A claim

"accrues" for statute of limitations purposes when the plaintiff "knew or should have known of the injuries on which his claims are based." *Martin*, 146 F. App'x at 561.

In this case, Plaintiff asserts claims predicated on factual events beginning on or around June 20, 2019, and the last event happening on July 27, 2020. (*See gen.* Doc. 17.) Plaintiff filed the initial Complaint in this matter on August 5, 2022, more than two years after the last event. (*Id.*) Any claims arising from factual events occurring two years prior to the date of filing—August 5, 2020—are barred by the applicable two-year statute of limitations and must be dismissed with prejudice.

Assuming, *arguendo*, that the Court finds any claim to survive Defendants' arguments at this stage, the following requests for relief should be stricken from the operative Complaint as Plaintiff is not entitled to any such relief. for failure to state a claim: First Amendment access to the courts, Fourth Amendment unlawful search of cell and seizure of property, Eighth Amendment placement in restricted housing unit, cell search, and property deprivation, Fourteenth Amendment substantive due process, defamation, and Pennsylvania Code claims.

**M.    Declaratory Relief Is Not Available To Adjudicate Allegations Of Past Unlawful Acts**

"The purpose of a declaratory judgment is to 'declare the rights of litigants.'" *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Although "[t]here is no question that a plaintiff can request declaratory relief to remedy alleged *ongoing* violations of her

constitutional rights[,]" a "[d]eclaratory judgment is not meant to adjudicate alleged past unlawful activity." *Wenzig v. Serv. Emps. Int'l Union Loc. 668*, 426 F. Supp. 3d 88, 100 (M.D. Pa. 2019), *aff'd sub nom. Diamond v. Pa. State Educ. Ass'n*, 972 F.3d 262, 265 (3d Cir. 2020) (emphasis added). "The remedy is thus by definition prospective in nature." *CMR D.N. Corp.*, 703 F.3d at 628. Moreover, an inmate's transfer to a different correctional facility "generally moots the equitable and declaratory claims[.]" *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003).

Here, Plaintiff's complaint alleges only ***past*** alleged conduct—there are no ongoing constitutional violation claims at issue in this case. (*See gen.* Doc. 17.) As declaratory relief "is not meant to adjudicate alleged past unlawful activity[,]" and as Plaintiff has been transferred to SCI Somerset, a different correctional facility from the location of the alleged events (SCI Smithfield), Plaintiff is barred from seeking declaratory relief for his claims in this matter. (*See id.* at ¶10, ECF pg. 36 (Plaintiff's return address is SCI Somerset).)

## N.    Injunctive Relief Is Not Available For Alleged Past Wrongs

Plaintiff is also unable to recover any injunctive relief in this matter because, within his Complaint, his alleged harm all occurred in the past, in 2019 and 2020, and is not alleged that he is in danger of suffering irreparable harm in the future; thus, he cannot meet the standard for a permanent injunction. *See Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir. 1992) ("[A] showing of irreparable harm is

insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm."); *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985) (The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued.).

Defendants, therefore, request that this Court find that Plaintiff is not entitled to injunctive relief strike all requests for said relief from the Complaint.

### O.    The PLRA Bars Any Request For Compensatory Damages

"No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  In order to establish this physical injury requirement within the PLRA, an inmate plaintiff must "demonstrate a less than significant, but more than *de minimis* physical injury." *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003).  The PLRA does not apply to claims seeking injunctive or declaratory relief. *Id.*

In this matter, Plaintiff seeks compensatory damages. (Doc. 17 at ECF pg. 31 (Prayer for Relief ¶(e)).) Plaintiff has not, nor cannot, plead that he allegedly suffered any physical injury for his claims. (*See gen. id.*)

Because Plaintiff did not suffer any physical injury, let alone a *de minimis* physical injury, he is barred from seeking compensatory damages in connection to his

claims asserted in this litigation. Therefore, Defendants request that this Court strike all requests for compensatory damages sought within the operative complaint and prohibit Plaintiff from seeking any such damages in this matter.

### P.    All Official Capacity Claims Are Barred By The Eleventh Amendment

States cannot be held liable under Section 1983 because they are not deemed to be "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also* U.S. Const., Amend. XI (the Eleventh Amendment to the U.S. Constitution immunizes state agencies and state officials in their official capacities from suit in the federal courts). Likewise, it is well-established that claims made against a state official in his official capacity is a suit against that named official's office, and, therefore, "is no different from a suit against the State itself." *Id.* at 71.

Here, Plaintiff files suit against all Defendants within their "official" capacity. (Doc. 17 at ¶8.) Such claims against Defendants in their official capacity fail because they are barred by the Eleventh Amendment, as such, this suit "is no different from a suit against the State itself." *Will*, 491 U.S. at 71. Claims against Defendants in their official capacity, therefore, must be dismissed with prejudice.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion and dismiss all claims as being barred by the statute of limitations or, in

the alternative, dismiss the above claims for failure to state a claim and allow the

other remaining claims to proceed to discovery.

                  **Respectfully submitted,**

                  **MICHELLE A. HENRY**
                  **Attorney General**

**By:**  *s/ Mary Katherine Yarish*

**Office of Attorney General**       **MARY KATHERINE YARISH**
**15ᵗʰ Floor, Strawberry Square**  **Deputy Attorney General**
**Harrisburg, PA 17120**        **Attorney ID #328843**
**Phone: (717) 783-6315**

                  **KAREN M. ROMANO**
**myarish@attorneygeneral.gov**  **Chief Deputy Attorney General**
                  **Civil Litigation Section**

**Date: June 13, 2023**         *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN ALEXANDER,** | : | **No. 3:22-CV-1195** |
| **Plaintiff** | : | |
| | : | **Judge Mariani** |
| **v.** | : | |
| | : | |
| **B. MYERS, E. SPECK, D. WISER, S.** | : | **Electronically Filed Document** |
| **ELLENBERGER, K. KIFER, J.** | : | |
| **TAYLOR** *and* **C. GREENLEAF,** | : | *Complaint Filed 08/05/22* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that this brief contains 7,427 words. In making this certificate, I have relied on the word count of the word processing system used to prepare this brief.


 *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ALEXANDER,** | : | **No. 3:22-CV-1195** |
| **Plaintiff** | : | |
| | : | **Judge Mariani** |
| **v.** | : | |
| | : | |
| **B. MYERS, E. SPECK, D. WISER, S.** | : | **Electronically Filed Document** |
| **ELLENBERGER, K. KIFER, J.** | : | |
| **TAYLOR** and **C. GREENLEAF,** | : | *Complaint Filed 08/05/22* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on June 14, 2023,

I caused to be served a true and correct copy of the foregoing document titled

*Defendants' Brief in Support of their Motion to Dismiss the Amended Complaint* to

the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**John Alexander, HB-6099**
**SCI Somerset**
**P.O. Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                                    *s/ Mary Katherine Yarish*
                                                    **MARY KATHERINE YARISH**
                                                    Deputy Attorney General